# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| NAPOLEON GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-209 (MTT) |
| | ) |
| GOV. NATHAN DEAL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Napoleon Gray has moved to proceed *in forma pauperis*. Doc. 2. Pursuant to 28 U.S.C. § 1915(a), a district court must determine whether the statements contained in a financial affidavit satisfy the requirement of poverty. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). "Such affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id*. The Court is satisfied that the Plaintiff is unable to pay the costs and fees associated with this lawsuit. Accordingly, the Plaintiff's motion is **GRANTED**.

Because the Plaintiff is proceeding *in forma pauperis*, the Court is required to dismiss the case if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(b). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the

same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[1]
*Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir.1997)). Because the Plaintiff is proceeding pro se, however, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted).

In his complaint, the Plaintiff asserts supervisory liability claims against Defendants Governor Nathan Deal, Former Attorney General Samuel Olens, and a host of other officials. Doc. 1 at 4-6. The Plaintiff alleges that these officials personally participated in violating his constitutional rights by removing many legal documents from his court criminal files, such as criminal warrants and motions. *Id.* at 6. In particular, the Plaintiff alleges that on May 8, 2018, the "Georgia governor office and the Georgia State Attorney General Office removed several legal documents out [of his] criminal files of the Houston County Superior Courthouse upon [him] coming off state probation." *Id.* at 7. According to the Plaintiff, there is a causal connection between the alleged actions of the supervising officials and his constitutional deprivation. *Id.* The Plaintiff also claims that the Georgia Department of Corrections institution "master mine [sic] to commit murder to kill [him] to cover up the many beat[ings] and punishment and the

---

[1] To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir.2006) (internal quotation marks and citation omitted). While a complaint does not need detailed factual allegations to survive a motion to dismiss, the entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

black mailing [he has] received" during the years he was incarcerated and on probation.[2]  *Id.* at 7-8.  The Plaintiff believes the Defendants were aware of these incidents, and, thus, he is entitled to $150,000,000.  *Id.* at 2, 9.

The Court disagrees.  First, the Plaintiff's allegations that supervisory officials removed legal documents from his criminal files are not new and have already been dismissed by this Court in another case for failure to establish the requirements necessary to sustain a supervisory liability claim.[3]  *See Gray v. Gov. Nathan Deal, et al.*, No. 5:15-cv-91, Docs. 1; 7 (Mar. 17, 2015).  While the Plaintiff is now aware of the relevant law governing supervisory liability and recites it throughout his complaint, mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  It is clear the Plaintiff's allegations are conclusory and, thus, insufficient to establish supervisory liability.  Moreover, the Plaintiff's allegation that the Georgia Department of Corrections "[masterminded] to commit murder to kill [him]" is, as the Eleventh Circuit described similar claims brought by another plaintiff, "irrational and wholly incredible."  *Gary v. United States Gov't*, 540 F. App'x 916, 918 (11th Cir. 2013); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").  Accordingly, the Plaintiff's complaint and amended complaint are **DISMISSED without prejudice**.[4]

---

[2] The Plaintiff has recently filed an amended complaint, wherein he states he is not under the influence of antidepressants or alcohol, requests law documents from former United States Attorney General Michael Moore, and realleges that the Department of Corrections masterminded to commit murder.  Doc. 5 at 2.

[3] In addition to this lawsuit, the Plaintiff has filed at least 13 lawsuits addressed by the undersigned.

[4] The Plaintiff has also moved to compel the United States Department of the Treasury to send him unreceived social security checks.  Doc. 4 at 3.  Because this case is dismissed, the Plaintiff's motion to

**SO ORDERED**, this 27th day of July, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

compel (Doc. 4) as well as his request for law documents in his amended complaint are **DENIED as moot**.